```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
             DALLAS DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
|       Plaintiff, | § |
| | § Criminal No. 3:11-CR-246-D (01) |
| VS. | § |
| | § |
| DUC MINH LUU, | § |
| | § |
|       Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Defendant Duc Minh Luu ("Luu") moves to withdraw his guilty plea. For the reasons that follow, the court denies the motion.

### I

On August 24, 2011 Luu was indicted on one count of sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. § 1591, and on two counts of monetary transactions in proceeds of a specified unlawful activity, in violation of 18 U.S.C. § 1957. Luu was arrested on September 16, 2012. The indictment was unsealed, and Luu's initial appearance was conducted, on September 19, 2012.

On September 21, 2012 Luu's counsel filed a request to determine competency, which the court granted. After the psychological evaluation was completed, the court conducted a competency hearing on January 11, 2013, finding that Luu was competent to stand trial.

Luu obtained court approval and funding for a competency evaluation to be conducted by his own expert, with the assistance of a Vietnamese-language interpreter. After this

evaluation was completed and his own expert found him competent to stand trial, the court was advised that the parties had reached a plea agreement and that Luu intended to plead guilty. A plea agreement, sealed plea agreement supplement, and factual resume were filed on July 2, 2013. On August 30, 2013 Luu appeared before the court, and, with the assistance of a Vietnamese-language interpreter, pleaded guilty to counts two and three of the indictment: the counts charging that Luu had engaged in monetary transactions in proceeds of a specified unlawful activity, in violation of 18 U.S.C. § 1957. The court scheduled sentencing for December 13, 2013. The probation officer disclosed the presentence report ("PSR") on November 8, 2013.

On December 2, 2013 Luu filed the instant motion for withdrawal of guilty plea. In a two-page motion (one page of which is a signature page), Luu moves to withdraw his guilty plea on the following two grounds: first, he "claims that his interest was not effectively represented due to misinterpretation regarding the Plea Agreement and Factual Resume signed on July 2, 2013"; and, second, he

> further claims that his attorney and the government had tricked and coerced him into entering the plea without detailed explanation of the elements of the offense in which he pled guilty. Specifically, he denies the underlying "unlawful activity" of the Money Laund[ering] counts he previously pled guilty because that was improperly interpreted and/or misrepresented to him.

Mot. Withdraw 1. The government opposes Luu's motion. On the same day she filed the motion to withdraw guilty plea, Luu's attorney filed a motion to withdraw as Luu's counsel. The government does not oppose that motion, which the court is granting today by separate

order.

II

Fed. R. Crim. P. 11(d)(2)(B) provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."

> A defendant does not have an absolute right to withdraw his guilty plea. When requesting withdrawal before sentencing, the defendant must show a fair and just reason for the request. When determining whether a fair and just reason has been shown, a court considers the factors set forth in *United States v. Carr.* The factors include whether (1) the defendant has asserted his innocence, (2) the government would be prejudiced, (3) the defendant delayed in requesting the withdrawal, (4) the court would be substantially inconvenienced, (5) the close assistance of counsel was available, (6) the plea was knowing and voluntary, (7) the withdrawal would waste judicial resources, and as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007) (quoting *United States v. Powell,* 354 F.3d 362, 370 (5th Cir. 2003), Rule 11(d)(2)(B), and *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)) (footnotes, brackets, and quotation marks omitted). "A mere change of mind is insufficient to permit the withdrawal of a guilty plea before sentencing." *Id.* at 316-17 (quoting *United States v. Glinsey*, 209 F.3d 386, 397 (5th Cir. 2000) (brackets, internal quotation marks, and ellipsis omitted). "Withdrawal is permitted for pleas unknowingly made; the purpose is not to allow a defendant to make a tactical

decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.* at 317 (quoting *Carr*, 740 F.2d at 345) (brackets and internal quotation marks omitted).

"The defendant bears the burden of establishing a fair and just reason for withdrawing his plea." *Powell,* 354 F.3d at 370 (citing *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998)). "The district court's decision to permit or deny the motion is based on the totality of the circumstances." *Id.* (citing *Brewster*, 137 F.3d at 858). "[T]he district court is not required to make findings as to each of the *Carr* factors." *Id.* (citing *Brewster*, 137 F.3d at 858).

### III

### A

The first *Carr* factor inquires whether Luu has asserted his innocence. In his motion, Luu "denies the underlying 'unlawful activity' of the Money Laund[ering] counts he previously pled guilty because that was improperly interpreted and/or misrepresented to him." Mot. Withdraw 1. The court interprets this assertion to be sufficiently akin to an assertion of innocence that it should be treated as such.

### B

The second *Carr* factor is whether the government would be prejudiced if the motion were granted. This factor intertwines with the fourth factor—whether the court would be substantially inconvenienced—and the seventh factor—whether the withdrawal would waste judicial resources.

Allowing Luu to withdraw his guilty plea and proceed to trial would prejudice the government and waste judicial resources. As the government points out in its response, Luu does not address these factors in his motion. The government has shown that it would be prejudiced because the lead case agent and co-case agents in the investigation have been transferred out of the Dallas area and have relocated to Washington, D.C., Illinois, and Florida. They would have to travel to Dallas, and the lead case agent would be required to remain in Dallas for an extended period of time for trial preparation and the trial. Additionally, a victim of Luu's offense has been traumatized by his criminal conduct. It would now be necessary for her to testify at trial rather than to be heard as a crime victim in the non-adversarial context of a sentencing hearing. The government would therefore be prejudiced by allowing Luu to withdraw his guilty plea.

Although the court cannot say that it would be substantially inconvenienced by permitting Luu withdraw his plea, it does conclude that allowing him to do so would waste judicial resources expended in connection with the plea process, the plea hearing, and (at least to some extent) the preparation of the PSR.

These *Carr* factors weigh against granting Luu's motion.

C

The third *Carr* factor—whether Luu delayed in filing his withdrawal motion—also weighs against granting his motion. Luu pleaded guilty on August 30, 2013. He did not file his motion to withdraw guilty plea until December 2, 2013. Considering the grounds for his motion—particularly his claim that he was not given a " detailed explanation of the elements

- 5 -

of the offense"—he must have known on or near the date he pleaded guilty of at least one of the grounds on which he now relies. Mot. Withdraw 1. Yet he waited three months—until after the PSR was disclosed and shortly before the original sentencing date—to move to withdraw his guilty plea.

As *Carr* teaches, "[w]ithdrawal is permitted for pleas unknowingly made; the purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Washington*, 480 F.3d at 317 (quoting *Carr*, 740 F.2d at 345) (brackets and internal quotation marks omitted). This factor weighs against granting Luu's motion.

D

The fifth *Carr* factor is whether close assistance of counsel was available. Luu has at all times been represented by counsel in this case. He had the assistance of counsel at each stage, and he was represented by counsel during the Rule 11 plea proceeding.

Luu now maintains that his attorney (as well as the government) tricked and coerced him into entering a guilty plea. But this assertion is belied by his sworn testimony during the guilty plea hearing, which the court discusses below when addressing the sixth *Carr* factor. This factor weighs against granting Luu's motion.

E

The sixth *Carr* factor is whether Luu's guilty plea was knowing and voluntary.

Luu essentially maintains that his guilty plea was not knowing and voluntary because the plea agreement and factual resume were misinterpreted to him, and his attorney and the

government tricked and coerced him into pleading guilty without a detailed explanation of the elements of the underlying unlawful activity of the money laundering counts, because the underlying unlawful activity was improperly interpreted and/or misrepresented to him.

These assertions are refuted and belied by testimony that Luu gave under oath at his plea hearing. "[S]olemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)) (addressing motion to withdraw guilty plea).

First, even though Luu is a United States citizen who speaks and understands English, he had the assistance of a Vietnamese-language interpreter at all times during the hearing. The court explicitly advised Luu, and he acknowledged, that if he did not understand a question or a warning because of the Vietnamese translation, he could ask the interpreter to reinterpret what she had said. Tr. 6. At the conclusion of the hearing, the court asked Luu whether he felt he had understood everything that the court had discussed with him, and he responded through the interpreter, "Yes. I understand." *Id.* at 26.

Second, the court asked certain questions in simple terms based on the professional advice of Luu's examining psychologist, confirming, as it had earlier in the proceeding, that Luu understood that if he did not completely understand something, he would feel comfortable asking the court to repeat what it had said or ask to talk with his lawyer so that she could explain it. *Id.* at 12.

Third, Luu testified that his plea was voluntary, of his own free will. *Id.* at 11-12.

Fourth, the court established that, before Luu signed the plea agreement and plea

agreement supplement, they were translated for him from English into Vietnamese, and that, after they were explained to him in Vietnamese, he understood them. *Id.* at 10-11.

Fifth, the court established that, before Luu signed the factual resume, it was translated from English into Vietnamese and he understood the factual resume. *Id.* at 23-24. The record also reflected how closely Lu had studied the factual resume. The court specifically noted that Luu had made and initialed one change on page 3, and asked him whether he had any additional changes or corrections to make to the factual resume, other than the one that had already been made. *Id.* at 24. Luu explained that he did not agree to the use of the term "coercion," and the court noted that the words "and coercion" had been stricken out. Luu explicitly confirmed that he had no other changes to make to the factual resume. He then agreed and admitted on his oath in open court that the factual resume was true and correct in every respect. *Id.* at 25.

Despite Luu's contrary assertion, the factual resume contained the essential elements of a violation of 18 U.S.C. § 1957, and it identified the specified unlawful activity as sex trafficking, at least through fraud (if not by force or coercion, the latter term being stricken at Luu's request). The court therefore rejects Luu's reliance on alleged misinterpretations of the plea agreement and factual resume and the allegation that the underlying unlawful activity was improperly interpreted and/or misrepresented to him.

Sixth, Luu acknowledged during his plea hearing that he was fully satisfied with his attorney and the representation and advice given him in the case by his attorney. Tr. 10. Although the first ground of his motion—that the plea agreement and factual resume were

misinterpreted—could conceivably have arisen after his plea hearing, the second ground—that his attorney and the government tricked and coerced him into entering the plea without a detailed explanation of the elements of the offense, and that the underlying unlawful activity was improperly interpreted and/or misrepresented to him—would have been known at the time Luu represented to the court under oath that he was fully satisfied with his attorney.

The court finds that Luu's guilty plea was knowing and voluntary. This factor supports denying his motion.

F

Considering the totality of the circumstances, the court concludes that Luu did not show a fair and just reason to withdraw his guilty plea.

**SO ORDERED**.

January 16, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE